**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PAUL SPUNG,**

                    **Plaintiff,**

**-vs-**                                     **Case No.  6:06-cv-756-Orl-19KRS**

**FAIRWINDS FINANCIAL SERVICES,**
**LLC d/b/a FAIRWINDS CREDIT**
**UNION, a Florida State chartered credit**
**union, LARRY TOBIN, President/C.E.O.,**
**RICHARD A. LEIGH, Board Chairman,**
**KATHY A. CHONODY,**
**E.V.P./Registered Agent, CINDY**
**McGREEN CALDERONE, Compliance**
**Officer,**

                    **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1.     Plaintiff's Motion to Remand Above Entitled Case Back to the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida, filed by Plaintiff Paul Spung on June 30, 2006; (Doc. No. 9); and

2.     Defendant's Memorandum of Law in Response to Plaintiff's Motion to Remand, filed by Defendant Fairwinds Financial Services, LLC, on July 7, 2006.  (Doc. No. 12).

### Background

The instant case arises out of a state court action filed by *pro se* Plaintiff Paul Spung

-1-

in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida on May 3, 2006. (Doc. No. 1, ¶ 1). Defendant Fairwinds Financial Services, LLC d/b/a Fairwinds Credit Union ("Fairwinds") filed a petition for removal on June 2, 2006.[1] In the Complaint, Plaintiff asserts several claims against Defendants, including negligence, fraud, breach of fiduciary duty, denial of due process of law, and a claim under federal racketeering statute 18 U.S.C. Section 1962. (*See generally* Doc. No. 2). Plaintiff seeks the return of approximately $338.00 in cash, treble damages, and $100,000.00 for financial, psychological, and emotional damages. (Doc. No. 2, p. 17). As the parties deal with the legal issue of remand pursuant to Plaintiff's motion, the Court will omit discussion of the remaining factual allegations of the Complaint.

In his Motion to Remand, Plaintiff argues that state courts have jurisdiction over cases involving federal agencies and questions of Constitutional law. (*See* Doc. No. 9, p. 2). He also argues that Fairwinds' attempt to remove this case to this Court was a "fraudulent attempt" to delay the prosecution of the instant case in state court. (*Id.*) In response, Fairwinds argues that it has legally stated grounds for removal to federal court and that Plaintiff's Motion to Remand argues no legally relevant grounds for remand back to state court. (*See* Doc. No. 12, p. 2).

### Standard of Review

The federal statute providing the procedures for removal states, in pertinent part:

The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt by the defendant, through service or otherwise,*

---

[1]    Doc. No. 1. Plaintiff bases removal on federal question jurisdiction. (*See* Doc. No. 1, ¶ 4).

*of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, *a notice of removal may be filed within thirty days after receipt by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable*, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).  Removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement and there is diversity jurisdiction or that federal question jurisdiction is implicated.[2]  The removing defendant must prove by a preponderance of the evidence diversity and that the amount in controversy exceeds the jurisdictional requirement or that the action arises under federal law.  *See, e.g.*, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001).  For diversity jurisdiction, if it is not apparent from the face of the complaint that the jurisdictional amount is met, the Court looks to the notice of removal and "may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *Id*.  An action "arises under" federal law when it is apparent from the face of the plaintiff's well-pleaded complaint that the plaintiff's cause of action is itself created by federal law, or if based upon state law, that a federal law which creates a cause of action is an essential component of the plaintiff's claim. *Merrell Dow*

---

[2]     Pursuant to 28 U.S.C. Section 1331, federal courts have jurisdiction over all civil actions arising under the Constitution and laws of the United States.  28 U.S.C. § 1331.

*Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986).

The Eleventh Circuit has emphasized that "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir.2000) (quotations and citation omitted). Additionally, removal statutes are construed narrowly, and all uncertainties are resolved in favor of remand to the state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

## Analysis

After reviewing the allegations of the Complaint and construing all uncertainties in favor of remand, the Court finds that Fairwinds was entitled to remove the instant case to federal court and that there is no adequate legal basis for remanding the action to state court. In the Complaint, Plaintiff asserts two claims arising under federal law:  a RICO claim pursuant to 18 U.S.C. Section 1962, and a due process claim under the United States Constitution pursuant to which a private right of action is created by 42 U.S.C. Section 1983. (*See* Doc. No. 2). The assertion of either of these claims thus allows Defendant to seek removal to federal court upon timely application. *See, e.g., Merrell Dow*, 478 U.S. at 804; *Harris v. McDonalds Corp.*, 901 F.Supp. 1552, 1555-58 (M.D. Fla. 1995).

Plaintiff's argument that state courts have jurisdiction over matters involving federal agencies is irrelevant to the issue of removal, as none of the parties in the instant case is a federal agency.  In addition, while Plaintiff is correct that state courts may decide Constitutional law questions, federal courts are also so empowered. *See, e.g.,* 28 U.S.C. §§ 1331, 1441; *Bettencourt v. Board of Registration in Medicine*, 904 F.2d 772, 776-77 (1st Cir.

1990) (discussing the presumption that federal and state courts can both decide federal constitutional issues).  Finally, Plaintiff's argument that Fairwinds' removal of the case at bar was a "fraudulent attempt to get the federal court involved in a dispute between two private parties"[3] is without merit.  From the face of the Complaint, it is readily apparent that Plaintiff asserts two claims "arising under" the laws of the United States, thus providing a legally sufficient and non-dilatory basis for removal..

<u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion to Remand Above Entitled Case Back to the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida, (Doc. No. 9), is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _16th_ day of July, 2006.

Copies furnished to:

Counsel of Record

Unrepresented Party

---

[3]    *See* Doc. No. 2, p. 2.