UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL SPUNG,

                          Plaintiff,

-vs-                                                    Case No.  6:06-cv-756-Orl-19KRS

FAIRWINDS FINANCIAL SERVICES,
LLC d/b/a FAIRWINDS CREDIT
UNION, a Florida State chartered credit
union, LARRY TOBIN, President/C.E.O.,
RICHARD A. LEIGH, Board Chairman,
KATHY A. CHONODY,
E.V.P./Registered Agent, CINDY
McGREEN CALDERONE, Compliance
Officer,

                          Defendants.
_____

## ORDER

This case comes before the Court on the following:

1.      Defendant Fairwinds Financial Services, LLC's Motion to Dismiss (Doc.

         No. 3, filed on June 2, 2006); and

2.      Memorandum of Law in Support of Defendant's Motion to Dismiss

         Plaintiff's Complaint; (Doc. No. 6, filed on June 8, 2006).

### Background

The instant case arises out of a state court action filed by *pro se* Plaintiff Paul Spung

in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida

on May 3, 2006. (Doc. No. 1, ¶ 1).  Defendant Fairwinds Financial Services, LLC d/b/a

Fairwinds Credit Union ("Fairwinds") filed a petition for removal on June 2, 2006.  In the

Complaint, Plaintiff alleges various claims arising out of communications between Fairwinds and a "third party." (*See* Doc. No. 2, ¶ 8). Plaintiff alleges that he was a client of Fairwinds, and that Fairwinds was under written contractual agreement to secure and protect Plaintiff's confidential financial information, assets and property under its possession and control.[1] Plaintiff further alleges that Fairwinds, absent any form of consent, subpoena, or court order, divulged confidential information to a third party,[2] and subsequently made payments totaling $338.23 to such third party.[3] In addition, Plaintiff alleges that Fairwinds disclosed Plaintiff's confidential information and made payment to this third party, despite notification by Plaintiff that he did not consent, and that such actions would be unlawful. (Doc. No. 2, ¶¶ 10-12). Plaintiff avers that Fairwinds' actions amount to a denial of due process,[4] negligence,[5] fraud,[6] breach of fiduciary duty,[7] and a violation of the federal RICO statutes,[8] all resulting in damage to Plaintiff's "honor and good fiscal standing." (Doc. No. 2, ¶ 21).

---

[1]   Doc. No. 2, ¶ 1. The information and property allegedly includes Plaintiff's account numbers, deposits, promissory notes and balances. (Doc. No. 2, ¶ 1). Plaintiff alleges that federal and state statutes, authoritative regulations and Manual Rules also require Fairwinds to secure Plaintiff's privacy. (*See* Doc. No. 2, ¶¶ 1-2).

[2]   Doc. No. 2, ¶ 3.

[3]   Doc. No. 2, ¶ 8. Plaintiff alleges that these payments were also made without any form of consent, subpoena, or court order. (Doc. No. 2, ¶ 8).

[4]   Doc. No. 2, ¶ 22.

[5]   Doc. No. 2, ¶¶ 24-32.

[6]   Doc. No. 2, ¶¶ 33-36.

[7]   Doc. No. 2, ¶¶ 33-36.

[8]   Doc. No. 2, ¶¶ 37-46.

Fairwinds now requests that this Court dismiss Plaintiff's Complaint based on both procedural and substantive grounds. (*See* Doc. No. 3).

## Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that can be drawn from such allegations. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the pleadings and written instruments attached to the Complaint as exhibits. FED R. CIV. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Pro se* pleadings are governed by less stringent standards than counseled pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Although copies of Defendant's motion were mailed to Plaintiff on June 5, 2006, Plaintiff has not filed a brief in opposition as required under Local Rule 3.01(b). Failure to oppose a motion to dismiss raises an inference that there is no objection to such motion. *See* Local Rule 3.01(b); Doc. No. 3.

## Analysis

Before addressing Fairwinds' substantive arguments for dismissal of the Complaint, the Court will first analyze Fairwinds' procedural arguments.

## A. Procedural Arguments for Dismissal

### 1. Service of Process

Fairwinds argues that since Plaintiff has failed to serve it with a summons, the Court should dismiss Plaintiff's Complaint for improper service of process.  (Doc. No. 3, ¶ 1). Fairwinds cites the Florida Rules of Civil Procedure in support of its argument,[9] whereas Rule 4 of the Federal Rules of Civil Procedure controls.  Rule 4 provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant *within 120 days after the filing of the complaint*, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time [. . . ].

FED. R. CIV. P. 4(m) (emphasis added).  Plaintiff filed the Complaint on June 2, 2006.  As the 120 day time limit for service of summons and complaint has not yet passed, the Court declines to dismiss the Complaint for improper service of process at this time.

### 2. Commingling and Realleging Causes of Action

Fairwinds further argues that Plaintiff has drafted the Complaint in an improper manner which requires amendment.  (Doc. No. 3, ¶¶. 2-3).  Fairwinds' argument on this issue fails.  Federal Rule of Civil Procedure 8 states in relevant part[10]:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, *either in one count or defense or in separate*

---

[9]     Doc. No. 3, ¶ 1.  Under *Erie R. R. Co. v. Tompkins,* 304 U.S. 64 (1938) (holding that in federal courts, except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is law of the state), and its progeny, federal law controls procedural issues in federal court. *See Hanna v. Plumer,* 380 U.S. 460, 472-474 (1965); *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991).

[10]     *See* cases cited *supra* note 10 and accompanying text.

-4-

*counts or defenses.*  When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.  A party may also state as many separate claims or defenses as the party has *regardless of consistency* and whether based on legal, equitable, or maritime grounds [ . . .].

FED. R. CIV. P. 8(e)(2) (emphasis added).  Rule 8 speaks directly to Fairwinds' argument that Plaintiff must amend his Complaint because of commingled and realleged causes of action.  Plaintiff is not barred from alleging multiple claims in a single count and may state as many separate claims or defenses as he has, regardless of consistency.  *See id.*  The Complaint puts Fairwinds on notice sufficiently of the claims at issue.  Further, when Rule 8 is considered with the general rule that *pro se* pleadings are governed by less stringent standards than counseled pleadings,[11] the Complaint is adequately drafted.

### B. Substantive Arguments for Dismissal

### 1. Count I – Negligence

Fairwinds argues that the Court should dismiss Count I of the Complaint because Plaintiff has failed to allege sufficient facts to support the elements of negligence.  (*See* Doc. No. 3, ¶. 4).  Fairwinds' argument is not well taken. To state a claim for negligence in Florida, Plaintiff must allege three elements: (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty; and (3) that the breach proximately caused the plaintiff to suffer damages.  *See, e.g., Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001).  Plaintiff supports the duty element by alleging that Fairwinds owed him a duty to secure and protect his confidential financial information through contractual

---

[11]     *Haines,* 404 U.S. at 520.

-5-

agreements, statutes and regulations.  (*See* Doc. No. 2, ¶¶ 1-2).  In support of the breach element Plaintiff alleges that Fairwinds disclosed confidential information absent Plaintiff's consent and without following proper procedure.[12]  (*See* Doc. No. 2, ¶¶ 3, 8, 26-27).  Lastly, Plaintiff supports the damages element by alleging that Fairwinds' actions directly caused injury to both his financial and psychological standing.  (*See* Doc. No. 2, ¶ 21).  After viewing the allegations in the light most favorable to Plaintiff, considering the allegations of the complaint as true, and accepting all reasonable inferences that can be drawn from such allegations, the Court finds that Plaintiff has adequately stated a claim for negligence.

### 2. Count II – Fraud and Breach of Fiduciary Duty

Fairwinds also seeks to dismiss Count II of the Complaint in which Plaintiff attempts to allege alternative claims of fraud and breach of fiduciary duty.  (Doc. No. 2, ¶¶ 33-36).  However, Plaintiff has failed to state a cause of action for fraud.  Under Florida law, fraud can be established upon a showing that (1) there was a false statement concerning a material fact; (2) the representor knew or should have known that the representation was false; (3) the representor intended to induce plaintiff to act in reliance on the false statement; (4) plaintiff acted in justifiable reliance on the representation; and (5) plaintiff was injured as a result.  *See, e.g., Seb S.A. v. Sunbeam Corp.*, 148 Fed. Appx. 774, 798 (11th Cir. 2005).  Generally, federal civil complaints need only state "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. Civ. P. 8(a).  However, when averring fraud, Plaintiff must allege the circumstances constituting fraud with particularity.  *See*

---

[12]     Florida law recognizes an individual's legitimate expectation of privacy in financial institution records.  *E.g., Winfield v. Division of Pari-Mutuel Wagering, Dep't of Bus. Regulation* 477 So.2d 544, 548 (Fla.1985).

*United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002) (quoting Fed. R. Civ. P. 9(b)). Particularity is satisfied if Plaintiff's identification of the circumstances allows Defendant to adequately answer the allegations. *Raber v. Osprey Alaska, Inc.*, 187 F.R.D. 675, 680 (11th Cir. 1999). Plaintiff fails to allege facts supporting any element of fraud, instead providing broad conclusory allegations which do not fulfill the particularity requirement. Fairwinds cannot adequately respond to such allegations. Thus accepting all allegations of the Complaint as true, Plaintiff has failed to state a cause of action for fraud.

While Fairwinds has not specifically moved to dismiss Plaintiff's claim for breach of fiduciary duty, since Fairwinds moves to dismiss the entire Complaint, the Court will address whether Plaintiff sufficiently states such cause of action. In Florida, to sustain a claim for breach of fiduciary duty, Plaintiff must allege: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach. *See e.g. Border Collie Rescue, Inc. v. Ryan*, 418 F.Supp.2d 1330, 1342 (M.D. Fla. 2006). As discussed above in the Court's analysis of Plaintiff's negligence claim, Plaintiff alleges that Fairwinds owes him a duty to secure and protect Plaintiff's confidential financial information, assets and property arising from a member agreement and federal and state statutes and regulations. Plaintiff alleges that Fairwinds breached that duty by improperly releasing information and making payment to a third party. Lastly, Plaintiff alleges that this breach caused financial and psychological damages. After viewing the allegations in the light most favorable to Plaintiff, considering the allegations of the complaint as true, and

accepting all reasonable inferences that can be drawn from such allegations, the Court finds

that Plaintiff has adequately stated a claim for breach of fiduciary duty.

### 3. Count III – Violation of Federal RICO Statutes

In Count III of the Complaint, Plaintiff alleges that Fairwinds participated in a

conspiracy under the federal Racketeer Influenced and Corrupt Organizations Act (RICO),

18 U.S.C. § 1961, *et. seq*.  (Doc. No. 2, ¶¶ 37-46).  Fairwinds argues that the Court should

dismiss Plaintiff's conspiracy claim for failing to plead any of the required elements for

conspiracy and failing to set forth any factual allegations to support a claim.  (Doc. No. 6,

pp. 6-7).  To recover on a civil RICO claim,[13] Plaintiff must prove that § 1962 was violated,

that he was injured in his business or property, and that the § 1962 violation caused the

injury.  *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir.

1994).  18 U.S.C. § 1962 provides in pertinent part that:

> (c) It shall be unlawful for any person employed by or associated with any
> enterprise engaged in, or the activities of which affect, interstate or foreign
> commerce, to conduct or participate, directly or indirectly, in the conduct of
> such enterprise's affairs through a pattern of racketeering activity or
> collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the
> provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962.  Thus, to establish a RICO violation under 18 U.S.C. § 1962(c), Plaintiff

must establish: (1) the existence of the enterprise, (2) that the enterprise affected interstate

commerce, (3) that the defendant was employed by or associated with the enterprise, (4) that

defendant participated in the conduct of the affairs of the enterprise, and (5) that defendant

---

[13]     18 U.S.C. § 1964.

participated through a pattern of racketeering activity.  *United States v. Russo*, 796 F.2d 1443, 1455 (11th Cir. 1986).

Plaintiff has failed to allege the requisite pattern of racketeering activity needed to state a cause of action under 18 U.S.C. § 1962(c).  According to 18 U.S.C. § 1961, a pattern of racketeering activity is not established until two or more acts of racketeering activity are shown.  18 U.S.C. § 1961 (2000).[14]  Plaintiff has failed to directly allege that any specific act was part of a pattern of racketeering activity, and upon reading the Complaint the Court can only distinguish a single incident that could be considered racketeering activity under the statute.  Plaintiff alleges that Fairwinds unlawfully paid a third party $288.23 and subsequently charged Plaintiff a processing fee of $50.  (Doc. No. 2, ¶ 8).  This act could potentially be considered bank fraud pursuant to 18 U.S.C. § 1344, a predicate act under § 1961(1)(b).  The federal bank fraud statute makes it illegal to "knowingly execute, or attempt to execute, a scheme or artifice to (1) defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344 (2000).[15]

---

[14]     18 U.S.C. § 1961(1) sets out a list of federal and state offenses which qualify as predicate acts.

[15]     It should be noted that Federal Rule of Civil Procedure 9(b) sets out a heightened pleading standard for fraud which remains operative when pleading a RICO violation.  *See Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988).

Even if the above payment and processing fee were properly pled as fraud, however, such activity was part of a discrete transaction and can only be considered a single act.[16] Averring such act would still be insufficient to state a claim under RICO.  In applying the RICO statutes, the Supreme Court has interpreted a pattern of racketeering activity to require something more than a mere multiplicity of racketeering predicates.  *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 237-38 (1989).  In addition to alleging the existence of at least two predicate acts, Plaintiff must show that the acts are related and that they amount to or pose a threat of continued criminal activity.  *See id.*  Thus Plaintiff has both failed to allege multiple predicate acts and has failed to allege that the purported acts of the Defendant pose a threat of continued criminal activity.

Plaintiff's RICO conspiracy claim also fails.  For Plaintiff to state a claim for conspiracy under 18 U.S.C. § 1962(d), Plaintiff must allege that the conspirators agreed to violate one of the subsections of § 1962.  In the instant case, Plaintiff alleges that Fairwinds conspired with a third party to violate § 1962(c).  (Doc. No. 2, ¶¶ 37-46).  Proof of an agreement to participate in a RICO conspiracy can be established by either "(1) showing an agreement on an overall objective, or (2) in the absence of an agreement on an overall objective, by showing that a defendant agreed personally to commit two predicate acts [...]."  *U.S. v. Church*, 955 F.2d 688, 694-95 (11th Cir. 1992) (citations omitted).  Plaintiff fails to allege that the parties agreed to an overall objective or to engage in two or more distinct

---

[16]     Acts that are part of the same transaction can qualify as distinct predicate acts, but only if each act constitutes a separate violation of the statute governing the conduct in question. *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1397 (11th Cir. 1994).

predicate acts and merely provides a general and conclusory allegation that Fairwinds conspired to engage in a pattern of racketeering activity. (*See* Doc. No. 2, ¶¶ 38-41). Failure to allege the requisite predicate acts or an overall objective is fatal to a RICO conspiracy claim. *See e.g. United States v. Cervone*, 907 F.2d 332, 344-45 (2nd Cir. 1990); *Anderson v. Smithfield Foods, Inc.*, 209 F.Supp.2d 1270, 1275-76 (M.D. Fla. 2002).

As Plaintiff has failed to properly allege a violation of 18 U.S.C. § 1962, Plaintiff has also failed to state a civil claim under § 1964.

### 4. Due Process Claim

Plaintiff avers that his due process rights have been violated by Defendants yet fails to allege any additional facts in any of the Counts of the Complaint regarding such violation. In the event that the Complaint attempts to state a claim for a civil rights violation, Plaintiff has failed to adequately allege such claim.

In order to state a claim for violation of civil rights,[17] such as the right to due process of law, the United States Supreme Court has held that a plaintiff must demonstrate that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Accordingly, because

---

[17] Civil rights claims are governed by 42 U.S.C. § 1983 (2000).

Plaintiff has failed to allege any direct or constructive state action in the Complaint,[18] Plaintiff has not sufficiently stated a claim for violation of due process under the Fifth or Fourteenth Amendments of the United States Constitution.

## Conclusion

Based on the foregoing, Defendant Fairwinds Financial Services, LLC's Motion to Dismiss Plaintiff's Complaint, (Doc. No. 3) is **GRANTED IN PART and DENIED IN PART** as follows:

a.   The Motion to Dismiss Count I of Plaintiff's Complaint is **DENIED**;

b.   The Motion to Dismiss the Fraud claim in Count II of the Complaint is **GRANTED**;

c.   The Motion to Dismiss the Breach of Fiduciary Duty claim in Count II of the Complaint is **DENIED**; and

---

[18]   The Eleventh Circuit employs three tests, set forth by the Supreme Court, to determine whether the actions of a private entity qualify as state action: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test.  As explained in *Willis v. University Health Servs.*, state action under the public function test is limited to instances where private actors are performing functions "traditionally the exclusive prerogative of the state."  The state compulsion test includes instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution."  The nexus/joint action test is reserved for instances where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise."  *See Willis v. University Health Servs.*, 993 F.2d 837, 840 (11th Cir. 1993) (quoting *National Broad. Co., Inc. v. Communications Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026-27 (11th Cir. 1988) (citations omitted)).

      d..      The Motion to Dismiss Count III of the Complaint and Plaintiff's due process claim is **GRANTED**.

Plaintiff shall have leave to file an amended complaint which comports with this Order within ten (10) days from the date below.

      **DONE** and **ORDERED** in Chambers in Orlando, Florida this _20th__ day of July, 2006.

```
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT
```

Copies furnished to:

Counsel of Record
Unrepresented Party

-13-