**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PAUL SPUNG,**

        **Plaintiff,**

-vs-                                        Case No.  6:06-cv-756-Orl-19KRS

**FAIRWINDS FINANCIAL SERVICES, LLC d/b/a FAIRWINDS CREDIT UNION, a Florida State chartered credit union, LARRY TOBIN, President/C.E.O., RICHARD A. LEIGH, Board Chairman, KATHY A. CHONODY, E.V.P./Registered Agent, CINDY McGREEN CALDERONE, Compliance Officer,**

        **Defendants.**

---

**ORDER**

This case comes before the Court on the [Second] Motion to Remand Above Entitled Case Back to the State Court of Jurisdiction, filed by Plaintiff Paul Spung on November 16, 2006, (Doc. No. 30), and the Defendant's Memorandum of Law in Response to Plaintiff's Second Motion to Remand, filed by Defendant Fairwinds Financial Services, LLC on November 27, 2006.  (Doc. No. 31).

The instant case arises out of a state court action filed by *pro se* Plaintiff Paul Spung in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida on May 3, 2006. (Doc. No. 1, ¶ 1).  Defendant Fairwinds Financial Services, LLC d/b/a

Fairwinds Credit Union ("Fairwinds") filed a petition for removal on June 2, 2006.[1] In the Complaint, Plaintiff asserts several claims against Defendants, including negligence, fraud, breach of fiduciary duty, denial of due process of law, and a claim under federal racketeering statute 18 U.S.C. Section 1962. (*See generally* Doc. No. 2). Plaintiff seeks the return of approximately $338.00 in cash, treble damages, and $100,000.00 for financial, psychological, and emotional damages. (Doc. No. 2, p. 17). As the instant motions by the parties deal with the legal issue of remand, the Court will omit discussion of the remaining factual allegations of the Complaint.

The Court previously denied an earlier Motion to Remand by Plaintiff on July 17, 2006, holding that Fairwinds was entitled to remove the instant case to federal court and that there is no adequate legal basis for remanding the action to state court. (*See* Doc. No. 13, pp. 4-5).

After reviewing Plaintiff's second Motion to Remand, Fairwinds' response, the Complaint, and the Notice of Removal, the Court finds that Plaintiff's Motion must be denied. As the Court has previously stated, Fairwinds' Notice of Removal is legally and procedurally sufficient, having been properly and timely filed. Furthermore, it is clear from the face of the Complaint that Plaintiff asserts two claims "arising under" the laws of the United States, providing a basis for removal pursuant to the federal removal statute. (*See, e.g., id.* at p. 5).

As a further basis for denial of Plaintiff's second Motion to Remand, the Motion is

---

[1] Doc. No. 1. Plaintiff bases removal on federal question jurisdiction. (*See* Doc. No. 1, ¶ 4).

duplicative of his earlier Motion to Remand and fails to include a certification that Plaintiff has conferred with opposing counsel as required by Local Rule 3.01(g).[2]

### Conclusion

Based on the foregoing, the [Second] Motion to Remand Above Entitled Case Back to the State Court of Jurisdiction, filed by Plaintiff Paul Spung on November 16, 2006, (Doc. No. 30), is hereby **DENIED**.

Ordered this 29th day of November, 2006 in Orlando, Florida.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Party

---

[2] Both *pro se* parties and parties represented by counsel are expected to read and comply with the Local Rules for the United States District Court for the Middle District of Florida. (*See generally* Local Rule 1.01(a)) (stating that the Local Rules apply to all proceedings in this Court unless specifically excepted or necessarily restricted).